# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HELEN GEMMELL, and MEA MARTINEZ, and John and Jane Does 1-10,<br><br>*Plaintiffs*,<br><br>v.<br><br>ERIC BEANE, in his official capacity as Acting Director of the Rhode Island Department of Human Services,<br><br>*Defendant*. | CA No.: 16-00650<br><br>STIPULATION AND ORDER OF SETTLEMENT |

WHEREAS, this action was commenced by Plaintiffs pursuant to 42 U.S.C. § 1983 under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and federal statutes and regulations;

WHEREAS, Defendant denies any and all claims of wrongdoing asserted in connection with Plaintiffs' complaint;

WHEREAS, no finding of liability has been made;

WHEREAS, the Parties wish to avoid the expense and disruption of litigation on the issues presented in this litigation, and are prepared to settle their differences without admitting any fault or liability;

WHEREAS, Defendant represents that he has taken actions to ensure that applications for food stamps are timely processed and benefits issued in accordance with federal and state law;

WHEREAS, Defendant represents that he will take actions to ensure that applications for food stamps are timely processed and benefits issued in accordance with federal and state law; and

1

WHEREAS, Plaintiffs neither dispute nor admit that the actions Defendant represents to have been undertaken have, in fact, been undertaken or that, if undertaken, they have or will result in applications for food stamps being timely processed and benefits provided;

WHEREAS, Plaintiffs neither dispute nor admit that the actions Defendant represents will be undertaken will, in fact, be undertaken or that, if undertaken, they will result in applications for food stamps being timely processed and benefits provided;

WHEREAS, nothing herein shall be interpreted to be inconsistent with the requirements of federal statutes and regulations;

NOW, THEREFORE, IT IS HEREBY ORDERED, UPON THE STIPULATION AND AGREEMENT OF THE PARTIES, through their undersigned attorneys for the respective parties herein, that this action is settled, subject to the approval of this Honorable Court pursuant to the Federal Rules of Civil Procedure, on the following terms and conditions:

## I. DEFINITIONS

1. "Applicant" means any person or household that applies for food stamps.

2. "Expedited Service of a Food Stamp Application" refers to the processing of a food stamp application that has been screened and determined eligible for processing on an expedited basis for households that meet the criteria for expedited processing set forth in 7 U.S.C. § 2020(e)(9) and 7 C.F.R. § 273.2(i).

3. "Food Stamps" means Supplemental Nutrition Assistance Program (SNAP) benefits provided pursuant to the Food and Nutrition Act, as amended, 7 U.S.C. § 2011 *et seq.*, and any and all successor programs. "Food Stamps" and "SNAP" are used interchangeably herein.

4. "Timely Application Decision" shall be determined in accordance with federal law, which provides that: (a) as to applications eligible for expedited processing, that SNAP benefits are

issued to the household no later than the 7th day following the date on which the household submitted the application; (b) as to applications subject to 30-day processing that are found eligible, that SNAP benefits are issued to the household no later than the 30th day following the date on which the household submitted the application; and (c) as to denied applications, an action taken by the case worker or the data system to deny the application and to cause a notice to be generated on or before the 30th day after the application was submitted to the agency, unless the 30th day falls on a weekend or holiday. If the 30th day falls on a weekend or holiday, the denial of SNAP benefits shall be timely if the SNAP application is denied on the next business day after the weekend or holiday. All applications not found eligible for expedited processing must be processed within 30 days. Benefits must be made available to households pursuant to 7 C.F.R. § 274.2(b). An application is filed the day the appropriate food stamp office receives an application containing the applicant's name and address, which is signed by either a responsible member of the household or the household's authorized representative pursuant to 7 C.F.R. § 273.2(c)(1), (g)(1).

5. Unless otherwise noted herein, this Stipulation and Order of Settlement shall be referred to as "Stipulation" and the terms shall be used interchangeably.

## II. DEFENDANT'S OBLIGATIONS

6. Defendant shall accept for processing each application for food stamps on the first day the applicant contacts Defendant, as required by 7 U.S.C. § 2020(e)(2)(B)(iii); 7 C.F.R. § 273.2(c).

7. Defendant shall accept an application as having been filed the day the appropriate food stamp office receives the application, pursuant to 7 C.F.R. § 273.2(c)(1)(iii), (g)(1).

8. Defendant shall act promptly on all applications for food stamps, give applicants an opportunity to participate in the food stamp program, and provide food stamp benefits retroactive to the month of application to those households that have completed the application process and been

determined eligible as required by 7 U.S.C. § 2020(e)(3); 7 C.F.R. § 273.2(a).

9. Defendant shall screen applicant households to determine if the household is eligible for expedited service of their food stamp application at the time the household applies for benefits, in accordance with 7 U.S.C. § 2020(e)(9) and 7 C.F.R. § 273.2(i)(2).

10. Defendant shall provide expedited service of a food stamp application to households eligible for such expedited service no later than the seventh calendar day following the day the application is filed, as set forth in 7 U.S.C. § 2020(e)(9) and 7 C.F.R. § 273.2(i)(3).

11. Defendant shall provide eligible households that complete the initial application process an opportunity to participate in the food stamp program as soon as possible, but no later than thirty calendar days following the date the application was filed, as required by 7 U.S.C. § 2020(e)(3); 7 C.F.R. §§ 273.2(g)(1).

12. Defendant shall fully comply with the timely processing requirements of the applicable SNAP statute and regulations. For purposes of meeting the timely processing standards specified in paragraphs 12-14 of this Stipulation, Defendant must meet the specified standard for the entire applicable month, as reported through the last day of the month. Subject to the provisions of paragraph 13 of this Stipulation, Defendant shall be deemed to be fully complying with the timely processing requirements of the SNAP statutes and regulations for purposes of this Stipulation so long as Defendant meets a 96% timely processing standard with respect to both 7-day expedited SNAP applications and 30-day regular SNAP applications, no later than - August, 2017.

13. Notwithstanding the provisions of paragraph 12 of this Order, following the date this Stipulation is entered by the Court and the Stipulation is entered on the District Court's docket sheet, Defendant shall be deemed to be in full compliance with the timely processing requirements of the SNAP statute and regulations according to the following schedule: (a) 80% timely processing as to

7-day expedited SNAP applications and 75% timely processing as to 30-day regular SNAP applications no later than April, 2017; (b) 85% timely processing as to 7-day expedited SNAP applications and 80% timely processing as to 30-day regular SNAP applications no later than May, 2017; (c) 90% timely processing as to 7-day expedited SNAP applications and 85% timely processing as to 30-day regular SNAP applications no later than June, 2017; (d) 93% timely processing as to both 7-day expedited SNAP applications and 30-day regular SNAP applications no later than July 2017; and (e) 96% timely processing as to both 7-day expedited SNAP applications and 30-day regular SNAP applications no later than August 2017.

14. Beginning with application determinations made in the month of August 2017, Defendant shall be deemed to fully comply with the timely processing requirements of the SNAP statute and regulations so long as Defendant meets a 96% timely processing standard with respect to both 7-day expedited SNAP applications and 30-day regular SNAP application decisions.

15. For purposes of measuring Defendant's compliance with the requirements of paragraphs 12-14, timeliness of decisions shall be measured as follows. As to a given month, the timely processing percentage shall be determined separately for expedited applications and for application decisions in 30 day cases (approvals and denials) by dividing the total number of timely application decisions made in the month in the relevant category by the total number of application decisions made in the month for the relevant category.

16. Plaintiffs' counsel may bring to the attention of Defendant's designee(s), by e-mail, those instances in which Plaintiffs' counsel represents that an eligibility determination was not timely processed in accordance with applicable Federal and/or State statutes and regulations cited herein and that they have investigated and determined based on available information from the applicant that the processing and determination of the individuals' application is overdue. Plaintiffs' counsel shall

provide the following report information: the alleged violation(s) and identifying information that includes the applicant's name, date of birth, the applicant's social security number via an encrypted mechanism agreed on by the parties, contact telephone number, and address at which the applicant wants to receive mail, and whether counsel represents that the applicant should have been entitled to expedited processing. All reports presented to Defendant's designee(s) at or before 4:00 pm on a business day shall be deemed presented on the date presented. All reports presented to Defendant's designee(s) after 4:00 pm or on a weekend or holiday shall be deemed presented on the next immediate business day. Defendant shall investigate the case(s) and take any appropriate steps required to resolve the issue(s) concerning each individual case. Defendant's designee(s) shall report the result of such investigation, via e-mail to Plaintiffs' counsel, including: the current status of the applicant's application; if the application has been approved; the approximate time frame in which food stamps have been or will be provided; the steps Defendant will take to process the applicant's application and provide food stamps and the approximate time frame in which they will be taken; and, if applicable, the reason the applicant's application has been denied. Such report shall be provided as follows: (a) by the close of the next business day following the date of receiving Plaintiffs' counsel's report of the alleged violation(s), if Plaintiffs' counsel represent that the applicant should have been entitled to expedited processing; and (b) within three (3) business days following the date of receiving Plaintiffs' counsel's report of the alleged violation(s) for applications entitled to 30-day processing. If after the close of one business day or after three (3) business days, respectively, of receiving Plaintiffs' counsel's report of the alleged violation(s), the applicant is not receiving food stamps, Defendant's designee(s) shall promptly inform Plaintiffs' counsel of what information, if any, is required to process the applicant's application. Plaintiffs' counsel shall make every reasonable effort to facilitate, when possible, the obtaining of additional information which may be needed to process

the application. In addition, if providing food stamps to the household at issue requires the household to complete the application process, then Defendant shall promptly inform Plaintiffs' counsel of what action the household must take to complete the application process. When an application referred by Plaintiffs' counsel is approved or denied, Defendant's designee(s) will inform the applicant by phone or email within the same business day, and will also inform Plaintiffs' counsel by email within the same business day, and shall provide notice of eligibility or denial, pursuant to 7 C.F.R. § 273.10(g).

17. Within 30 days after the Court so orders this Stipulation and Order of Settlement, Defendant will mail a notice to all individuals known to Defendant applying for SNAP since August 1, 2016 and who provided their address to Defendant, notifying them: (a) of the opportunity to contact Defendant if they believe that Defendant failed to timely decide their SNAP application within 7 days (expedited cases) or 30 days (regular cases); and (b) that if contacted, Defendant will investigate their case and notify them of Defendant's determination of their potential eligibility for any retroactive benefits. The notice to be sent is attached as Exhibit A to this Stipulation. Commencing with the month of April 2017, Defendant will report monthly to Plaintiffs' counsel on the number of inquiries in response to the notice and the results of Defendant's investigation of each inquiry. In addition, Defendant will: (a) post this notice on the Department of Human Services website and in each office of the agency; and (b) distribute the notice to social service and other agencies, as designated with the input of Plaintiffs, that is designed to alert individuals who may have applied for SNAP benefits since August 1, 2016, but whose applications were not documented or processed by Defendant.

### III. PROGRESS REPORTING

18. Each month during the term of this Stipulation, Defendant shall provide Plaintiffs' counsel or their designated representatives with the following reporting on or before the 15th of the month

following the report month. The monthly reporting will be provided in unlocked Excel spreadsheet(s) and will include the following:

- a. **Expedited Processing**
    - i) The total number of applications for which the household was determined to be entitled to expedited service and for which, during the reporting month, was issued benefits ("expedited issuances");
    - ii) For those applications for which the household was determined to be entitled to expedited service and for which, during the reporting month, was issued benefits the number of such determinations and issuances (i.e. "timely expedited issuances") made within seven (7) days following the date of receipt of the application in accordance with federal law;
    - iii) For those applications for which the household was determined to be entitled to expedited service and for which, during the reporting month, was issued benefits, but whose determination and benefit issuance was not made within seven (7) days of the date of receipt of the application in accordance with federal law (i.e. "untimely expedited issuances"), the number of such untimely expedited issuances, broken down by number of days overdue in 10-day intervals;
    - iv) The total number of pending expedited applications at the end of the month, and of these, the number overdue at the end of the month, broken out by number of days overdue in 10-day intervals.
- b. **Non-Expedited Processing ("30-Day Applications")**
    - i) The total number of eligibility decisions made in the report month for

applications not determined to be eligible for expedited processing (including whether the application was screened for eligibility for expedited processing) (*i.e.* applications that are 30-day applications), and of these, the total number of applications found eligible and ineligible for non-expedited benefits;

ii) Of the total number of 30-day applications determined eligible in the report month, the number of such applications determined timely (within 30 days of the date of receipt of an application), and the number of untimely decisions broken down by number of days overdue in 10-day intervals;

iii) Of the total number of 30-day applications determined ineligible in the report month, the number of such untimely decisions, broken down by number of days overdue in 10-day intervals;

iv) The number of applications pending at the end of the report month, broken down by a) applications pending for 30 days or less; and b) applications pending more than 30 days, broken out in 10-day intervals.

c. **Applications Received** - A report noting the number of SNAP applications received in the report month.

d. Defendant will provide a template of the report to be issued pursuant to this paragraph to Plaintiffs no later than March 15, 2017. If the Parties are unable to agree on the format and content of the report, they agree to present the disputed issues to the Court for resolution, no later than March 29, 2017.

e. At any time during the term of this agreement, Defendant may propose and Plaintiffs shall reasonably consider any alternative means for reporting that provides the information set forth in this paragraph.

**IV. SAMPLING**

19. One statistically significant random or systematic sample, with personally identifying information removed but with a case number retained for purposes of differentiating individual cases, shall be drawn by Defendant from a month to be designated by the Plaintiffs to determine the accuracy and reliability of the monthly reporting set forth in Section III of this Stipulation. The sample size shall be a number that is necessary to provide no greater than a 3% confidence interval (margin of error) at the 95% confidence level for that sampling frame. The Parties shall meet and confer before the sample is drawn to discuss: (a) the sampling methodology; (b) the sample size; (c) the data recording instrument to be used for recording the information drawn from the sample; and (d) the data sources for both the monthly reports and the sample. In the event the Parties are unable to reach an agreement, the disputed issues will be referred to the Court for resolution.

**V. GENERAL PROVISIONS**

20. No provision herein shall infringe upon any individual applicant's right to seek to compel Defendant to provide him or her with a grant of food stamps, or with the expedited processing of an application for food stamps by way of an administrative hearing, pursuant to the Rhode Island Administrative Procedures Act.

21. Except to the extent set forth herein, the terms and conditions of this Stipulation shall become effective upon the date of entry of the Stipulation and Order of Settlement by the Court.

22. This Stipulation is final and binding upon the Parties, their successors and assigns.

23. The Parties recognize and acknowledge that the only consideration for signing this Stipulation are the terms stated herein and no other promise, agreement or representation of any kind has been made to any party by any person or entity whatsoever to cause any party to sign this Stipulation and Order of Settlement.

24. This Stipulation and Order of Settlement constitutes a compromise settlement of disputed and contested matters between the Parties. It shall not be construed as an admission of any sort by any of the Parties, nor shall it be used as evidence in a proceeding of any kind, except as necessary to administer and/or enforce the terms of this Stipulation and Order of Settlement.

25. This Stipulation and Order of Settlement constitutes an integrated Stipulation and Order of Settlement, containing the entire understanding of the Parties with respect to the matters addressed herein and, except as set forth in this Stipulation and Order of Settlement, no representations, warranties or promises, oral or written, have been made or relied on by the Parties. This Stipulation and Order of Settlement shall prevail over any prior communications between the Parties or their representatives relative to matters addressed herein. This Stipulation and Order of Settlement may not be changed unless the change is in writing and signed by the Parties or by order of the Court.

26. The Parties warrant and represent that they have read and understand the foregoing provisions of this Stipulation and that they and their respective signatories are fully authorized and competent to execute this Stipulation on their behalf.

## VI. ENFORCEMENT

27. Plaintiffs may move for enforcement of this Stipulation, including the remedy of extension of the Court's jurisdiction, based on a showing of systemic non- compliance by Defendant with the terms of this Stipulation. Prior to bringing any such motion, Plaintiffs will be required to provide written notice to Defendant detailing any claim of systemic non-compliance. Within fifteen (15) business days thereafter, or at such time as the Parties mutually agree upon, the Parties shall confer by telephone or in-person in a good faith effort to resolve the dispute. If the Parties are unable to resolve the dispute, Plaintiffs may file a motion for enforcement with the Court.

28. In the event that Plaintiffs move for enforcement of this Stipulation and Order of

Settlement, including the remedy of extension of the Court's jurisdiction, Defendant shall not object to the standing or mootness of any of the Plaintiffs to make that motion or to seek relief generally applicable to all persons similarly situated, nor shall Defendant interpose facts concerning the standing or mootness of any of the Plaintiffs to bring such motion, nor shall Defendant object to the intervention or adding of such other additional Plaintiffs who seek to enforce the Stipulation and Order of Settlement.

### VII. JURISDICTION

29. The Court shall retain jurisdiction for a period continuing for no less than twelve (12) months commencing with the month of September 2017 or the month following the month that Defendant initially achieves a compliance rate of 96% as defined in paragraphs 12, 13, 14, and 15 of this Stipulation, whichever occurs later. The Court's jurisdiction herein shall terminate upon the Court's granting of a motion by the Defendant, which motion shall be granted once Defendant demonstrates that the Defendant has achieved compliance of 96% pursuant to this paragraph and as defined in paragraphs 12, 13, 14, and 15 of this Stipulation, for eleven (11) months out of the twelve (12) consecutive-month period following September 2017 or the month when Defendant initially achieves 96% compliance, whichever is later. Plaintiffs reserve the right, in the event of such motion by the Defendant, to oppose the dismissal of the Court's jurisdiction.

### VIII. ATTORNEYS' FEES AND COSTS

30. Plaintiffs shall be entitled to recover their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Within sixty (60) days of the Court's entry of this Order as an order of the Court, Plaintiffs shall file a bill of costs and motion for attorneys' fees and costs with the Court pursuant to 42 U.S.C. § 1988, unless such time is extended by agreement of the Parties or order of the Court or unless such motion is rendered unnecessary by agreement of the Parties. Prior to filing such motion,

Plaintiffs shall present a bill of costs and fees to Defendant and within fifteen (15) business days thereafter, or at such time as the Parties mutually agree upon, the Parties shall confer by telephone or in-person in a good faith effort to agree to an amount in settlement of fees and costs. If the Parties are unable to agree to a fee amount, Plaintiffs may file a motion for attorneys' fees and costs with the Court.

31. The Parties agree the Defendant must at all times comply with federal and state law. Accordingly, this Stipulation and Order of Settlement, including Defendant's obligations under federal law as described in this Stipulation, are subject to any applicable changes in federal law.

ENTERED as the Order of the Court this _____ day of _____, 2017.

By Order,

Enter: _____     _____
United States District Judge               Clerk


AGREED TO AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| /s/ Lynette Labinger | /s/ Greg Bass |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| Lynette Labinger # 1645 | Greg Bass |
| RONEY & LABINGER, LLP | NATIONAL CENTER FOR LAW |
| 344 Wickenden Street | AND ECONOMIC JUSTICE |
| Providence, RI 02903 | Petra T. Tasheff |
| (401) 421-9794 | Francisca Fajana |
| (401) 421-0132 (fax) | 275 Seventh Avenue, Suite 1506 |
| office@roney-labinger.com | New York, NY 10001 |
| Cooperating Counsel, | (212) 633-6967 |
| American Civil Liberties Union | (212) 633-6371 (fax) |
| Foundation of Rhode Island | bass@nclej.org |

Dated: February 24, 2017

/s/ Kelly A. McElroy
Attorneys for Defendant
Special Assistant Attorney General
The State of Rhode Island
Office of the Attorney General
150 South Main Street
Providence, RI  02903
(401) 274-4400, ext. 2345
kmcelroy@riag.ri.gov

Dated:  February 24, 2017

EXHIBIT A

# HAVE YOUR SNAP BENEFITS BEEN DELAYED?

**If you applied for SNAP benefits since August 2016 and you believe that you did not get your benefits on time,
please let DHS know right away!**

Tell us **online** by filling out the form here:

[Insert address for wufoo form]

**OR**

Tell us by **filling out a SNAP Delay Form.**
You can get a SNAP Delay Form at all local DHS offices and at community partner agencies.*

After you fill out the SNAP Delay Form,
please **drop it off at your local DHS Office**, or **mail it to us here**:

SNAP Delay
RI Department of Human Services
P.O. Box [xxxx]
Cranston, RI 02920

Please make sure you include your **name, address, phone number, and your full Social Security Number** on the form, as well as the **date and location you first applied for SNAP benefits**.

To find a DHS office near you, visit www.dhs.ri.gov/DHSOffices.

**IF WE DETERMINE THAT YOUR BENEFITS WERE LATE, WE WILL PROVIDE YOU WITH BACK BENEFITS RIGHT ON YOUR EBT CARD.**

_____

\* If you received this Notice by mail, a copy of the SNAP Delay Form is included. A list of DHS Offices and of community partner agencies appear on the back of this notice. [Text to be revised if necessary to provide list on separate page(s).]

**DHS Offices (where you can pick up and drop off the SNAP Delay Form)**

[all local office address and phone numbers to be inserted]

**Community Partner Agencies (where you can pick up the SNAP Delay Form)**

URI Feinstein Center for a Hunger Free America
URI SNAP Outreach Project
1-866-306-0270
info@eatbettertoday.com

Blackstone Valley Community Action Program (BVCAP)
32 Goff Avenue
Pawtucket, RI 02860
401-723-4520
www.bvcap.org

Community Action Partnership of Providence (CAPP)
518 Hartford Avenue, Providence RI 02909
401-273-2000
www.cappri.or

Community Care Alliance
P.O. Box 1700
245 Main Street
401-235-7000
www.CommunityCareRI.org

Comprehensive Community Action (CCAP)
311 Doric Avenue
Cranston, RI 02910
401-467-9610
www.comcap.org

East Bay Community Action – Lower Bay Region (EBCAP)
19 Broadway
Newport, RI 02840
401-847-7821
www.ebcap.org
Communities Served: Newport, Portsmouth Tiverton, Middletown, Jamestown, Little Compton

East Bay Community Action – Upper Bay Region (EBCAP)
100 Bullocks Point Avenue
Riverside, RI 02915
401-847-7821
www.ebcap.org
Communities Served: East Providence, Warren, Bristol, Barrington

South County Community Action Agency (Tri-town)
1935 Kingstown Road
Wakefield, RI 02879
401-351-2750
www.tri-town.org

Westbay Community Action Partnership (Westbay CAP)
224 Buttonwoods Avenue
Warwick, RI 02886
401-732-4660
www.westbaycap.org

Rhode Island Legal Services
Providence office
56 Pine Street
Providence, RI  02903
401-274-2652

Rhode Island Legal Services
Newport office
50 Washington Square
Newport, RI  02840
800-637-4529
401-846-2264

# Rhode Island Department of Human Services
# SNAP Delay Form

First Name _____ Middle Initial _____ Last Name _____

Address _____

City _____ State _____ Zip Code _____

Home Phone _____ Cell Phone _____

Email _____ @_____

Best way to reach you ☐ Phone ☐ Mail ☐ E-mail

What Date did you Apply for SNAP? (month/day/year) _____/_____/_____

Did you apply online or at a field office? ☐ Online ☐ Field Office

If you applied at a field office, at which location did you apply?

☐ Middletown ☐ Providence ☐ Warwick
☐ Pawtucket ☐ Wakefield ☐ Woonsocket

Full Social Security Number or RIBridges Case Number _____

If your address has changed since you applied for SNAP, please give us the address you used when you applied as it will help us look up your case more quickly.

Address when I applied _____

City _____ State_____ Zip Code _____