

State of Rhode Island and Providence Plantations

DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street • Providence, RI 02903
(401) 274-4400 - TDD (401) 453-0410

*Peter F. Kilmartin, Attorney General*

*Confidential*

October 27, 2017

The Honorable William E. Smith
Chief Judge
United States District Court for
the District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

      RE:    *Gemmell, et als v. Beane*
             C.A. No. 1:16-cv-00650-S-LDA

Dear Chief Judge Smith:

      The Defendant Rhode Island Department of Human Services offers the following comments regarding Deming E. Sherman, Esq.'s proposed appointment as special master in this case. Fed. R. Civ. P. 53(a)(2) provides that "[a] master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the special master discloses any potential grounds for disqualification." DHS submits the following information for this Court to consider in reviewing Deming Sherman, Esq. for appointment as special master in this case.

      By way of background, Deloitte is the vendor that the State hired to deliver a single unified eligibility system ("RI Bridges"); one program being SNAP. DHS's ability to comply with the benchmarks and reporting requirements in the February 2017 Order ("Order") in this case has been impeded primarily because of unforeseen issues with Deloitte's technology. DHS has been and continues to address the technological impediments to compliance with the terms of the Order. However, as was indicated in a press release this week by the Executive Office of Health and Human Services, approximately within the last two weeks Deloitte disclosed new system errors in its RI Bridges software system that are being addressed.

During the pendency of a special mastership, DHS or even the special master *sua sponte* may believe it is necessary to engage Deloitte in some manner in the implementation and compliance with the Order, for example by seeking to join Deloitte under Fed. R. Civ. P. 19(a). Attorney Sherman acknowledged in his affidavit that a partner in the Houston office of Locke Lord LLP performs legal services for Deloitte Consulting. The combination of Attorney Sherman's current of Counsel position at Locke Lord while winding up his litigation practice and the existing client relationship between the firm and Deloitte, presents the appearance of a conflict and may result in an actual conflict during his service as special master.

A second comment related to the Court's Rule 53(a)(2) analysis, arises in connection with Attorney Sherman's position as Chairman of the Capital Center Commission. In his capacity as Chairman, Attorney Sherman is presently involved in a disagreement with the Rhode Island Department of Transportation and the Governor's Office over construction of the proposed Providence Intermodal Transportation Center. This comment is provided given Rule 53(a)(2) references to a relationship with the parties

A last comment we wish to provide in response to the Rule 53 affidavit, it is our understanding that attorneys at Locke Lorde have served for many years as counsel for the ACLU in matters here in Rhode Island. We do not have any information that Deming Sherman, Esq. served as counsel of record.

In its October 12, 2017 e-mail communication, the Court offered the parties the opportunity to suggest other individuals for its consideration for the appointment of special master. DHS believes that, given the highly complex issues with the RI Bridges system that are the primary impediment to DHS's ability to timely process SNAP applications, it would be beneficial for the special master to have experience and/or a background in complex technology programs. We offer the name of Ms. Merrill W. Sherman for your consideration.

This Court may already be familiar with Ms. Sherman and her background as she was appointed as a special master by District Court Judge John McConnell in *In re: Mortgage Foreclosure* Cases, Misc. No. 11-mc-00088-M-LDA. Ms. Sherman is an attorney and a former partner at Hinckley, Allen, a major Providence law firm. Ms. Sherman is the former President and CEO of Bancorp Rhode Island, Inc. and its subsidiary Bank of Rhode Island. Ms. Sherman's biography indicates that she graduated Mount Holyoke College and obtained a law degree from the University of Denver. She serves on the board of directors of the Rhode Island Infrastructure Bank. She also serves on a number of other boards, including that of Crossroads Rhode Island. As such, we believe she has an understanding of the population impacted by this case. Our research revealed that while serving as the President of Bank Rhode Island, the institution implemented "CampusMate" which was described as a program that streamlined receipt and processing of payments, cut administrative costs associated with processing, sped cash flow and generated fee revenue for a University user. The CampusMate technology was reported as being custom-built and touted as allowing parents and students to pay college expenses by telephone, the Web, or through the mail using a credit card or electronic or paper check.

Bank RI's Annual Report from 2001 details further technology-based advancements while Ms. Sherman was President. Ms. Sherman's background and experience with technology, operations and legal appear to make her an appropriate candidate for your consideration in the appointment of special master in this case. We have not spoken to Ms. Sherman regarding this case or the position of special master.

We thank the Court for the opportunity to submit this response.

Respectfully submitted,

Brenda D. Baum
Assistant Attorney General
Extension 2294

Cc: Plaintiffs' counsel (by electronic mail)