# RONEY & LABINGER LLP

ATTORNEYS AT LAW

JOHN M. RONEY
LYNETTE LABINGER

**BY E-MAIL ONLY**

October 30, 2017

Hon. William E. Smith, Chief Judge
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: *Gemmell, et al. v. Beane*, C.A. No. 2016-0650-S-LDA

Dear Judge Smith:

Plaintiffs write concerning the letter submitted by counsel for the Defendant at close of business on Friday, October 27, 2017, concerning objections to the qualifications of Deming Sherman to serve as Special Master, and instead presenting Merrill Sherman as an alternate appointment. Because of the urgency of the issues before the Court and the Court's indication that it hoped to appoint the Special Master before or at our conference of November 2, 2017, we did not feel that it was appropriate to wait until the conference with the Court to first present our response.

Plaintiffs did not write the Court last week because we have no objection to, and fully support, the appointment of Deming Sherman as eminently qualified to be Special Master. The issues identified by the Defendant do not present a conflict or appearance of conflict. Plaintiffs are especially disturbed by Defendant's suggestion that the service of a former partner or associate as cooperating counsel for the Rhode Island American Civil Liberties Union in another matter(s) somehow raises a question about Mr. Sherman's independence or impartiality. It is highly likely that during Mr. Sherman's long legal career, he or another member of his firm represented the State at some point and also litigated against the State at some point. Since neither of those facts would disqualify him from serving, the fact that one of his former partners or associates served as cooperating counsel for the Rhode Island ACLU on a wholly unrelated matter also would not be a basis for disqualification.

With respect to Mr. Sherman's service as chair of the Capital Center Commission, the statement that there is a "disagreement" is far too vague to give rise to an actual conflict or appearance of a conflict. It is surprising that the Defendant did not also note that Mr. Sherman was appointed to the Commission by Governor Raimondo in 2015 to serve a four-year term ending in 2019. *See* http://sos.ri.gov/boards/?page=board_detail&board_id=712, accessed 10/28/17. [1]

---

[1] The Governor has also appointed Merrill Sherman to a public board, the Clean Water Finance Agency, in March 2015, http://www.ri.gov/press/view/24347, accessed 10/28/17, and Merrill Sherman served as a member of the Governor's 13-member transition team upon the Governor's

Defendant continues to focus on Deloitte's contractual performance as the sole source of the State's noncompliance with the timely SNAP processing requirements of federal law. Defendant now attempts to utilize Deloitte for creating a purported actual or potential conflict for Mr. Sherman, who has retired from Locke Lord. The obligation of the State to provide timely SNAP benefits to eligible families is a non-delegable duty. The State has made clear (and Plaintiffs agree) that under the federal program, only qualified state employees may process SNAP applications. Unless the State is claiming that Deloitte employees are somehow preventing State employees from performing their duties, the lack of Deloitte's contractual delivery of a working product is no excuse for the State's systemic, persistent non-compliance with the Court's order. As the Court knows, this is not the first litigation to result in agreed performance benchmarks that Defendant must meet in order to comply with SNAP timeliness mandates. While there may be inquiry by the Special Master in this action into available technology in fashioning a corrective plan, it is not the Special Master's role to find or attribute fault or liability to Deloitte, however much the State would like to deflect the issue. It is increasingly apparent that the Defendant is unwilling to take all necessary remedial measures to process these applications. It is notable, for example, that the State formerly processed these applications by hand. Now, instead, the State is apparently determined to wait for a global computer fix by its chosen vendor.

Plaintiffs have likewise reviewed the qualifications of Merrill Sherman. Plaintiffs have no objection to her appointment. She is well-known and highly regarded in the legal and banking communities of the State of Rhode Island and has previously served as Special Master appointed by District Judge McConnell.

Plaintiffs do object to the Defendant's pattern of delaying this enforcement proceeding. At the chambers conference on October 4, 2017, Defendant asked the Court to give the State additional time to demonstrate compliance before appointing the Special Master, thus delaying the date for such appointment to take effect. The State subsequently conceded, in its October 13, 2017 letter to the Court, that it could not come into compliance if it was given additional time before the Special Master appointment takes effect. Defendant has never forthrightly disclosed to the Court or to the Plaintiffs the discovery of massive additional systemic errors and irregularities. The existence of that information could only be gleaned from a recent press release by the State extolling its achievement of a multimillion-dollar credit from Deloitte.[2]

Defendant has exhibited similar delay in waiting until October 27 to surface the name of Merrill Sherman and object to the appointment of Deming Sherman. At the conference on October 4, 2017, the Court first advised the parties that it was considering the appointment of Deming

---

election in November 2014, http://www.ri.gov/press/view/23387, accessed 10/28/17. Plaintiffs assume that the Defendant exercised due diligence and was aware of, and did not see any conflict in, these associations before presenting Ms. Sherman's name. If the Court selects Merrill Sherman, Plaintiffs would respectfully request that her affidavit submitted to the Court include an acknowledgment that none of these associations would impact upon her independence or impartiality.

[2]    http://www.eohhs.ri.gov/Portals/0/Uploads/Documents/PressReleases/PressRelease-Deloitte_102417.pdf, accessed 10/30/17.

Sherman.  At the same conference and again on October 12, 2017, the Court invited the parties to present any other individuals for consideration by the Court.  Despite the fact that both Deming Sherman and Merrill Sherman are well known to the Court and the parties, Defendant's 11th hour submission merely ensured more delay if the Court decides to consider appointing Ms. Sherman instead.

Defendant's actions have unnecessarily protracted this process.  In addition, after Defendant sought and obtained imposition of a requirement of confidentiality upon the parties until the Court issues its Order appointing a Special Master, the State proceeded to disclose the appointment to the press.[3]

Against this backdrop—which includes the Defendant's public acknowledgment that it has recently determined that it has "thousands" of lost and unprocessed applications and no system in place to immediately identify and process those applications, Plaintiffs respectfully urge the Court to:  one) expedite appointment of a Special Master and to make that appointment effective immediately; and two) order the Defendant to issue gift cards on the eighth day to each household identified as eligible for expedited processing whose processing is not complete as required on the seventh day; and on the thirty-first day to each household identified as eligible for regular processing whose processing is not complete as required on the thirtieth day.  We propose that the cards be issued in renewable 10-day installments (until processing is complete) with benefits calculated as the maximum benefit for the household size.

Respectfully submitted,

Lynette Labinger

cc (by email): all counsel of record

---

[3]  *See, e.g.,* http://wpri.com/2017/10/27/raimondo-we-may-need-the-courts-involvement-in-uhip/, accessed 10/30/17.